IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



FILED

AUG 19 2020

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 6:20-CR-_62_ |
| | § | JUDGE _____ |
| DALTON BREWER (01) | § | |
| EMILEE FENTON (02) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

At all times material to this Indictment:

### General Allegations

*Electronic Filing of Federal Income Tax Returns & Payment of Refunds*

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

2. Each year, taxpayers have the option of either mailing their federal income tax returns to the IRS or filing their tax returns electronically ("E-File"). A taxpayer can prepare and file his/her electronic return himself/herself using available software such as Turbo Tax or hire a return preparer to prepare and electronically file the tax return.

3. To electronically file tax returns with the IRS, a return preparer must complete an application process to become an authorized electronic filer of income tax returns. The requesting party must complete and submit Form 8633, Application to Participate in the IRS E-File Program. Upon IRS approval of the application, the

Indictment – Page 1

requestor becomes an Electronic Return Originator (ERO) and is assigned an Electronic Filing Number (EFIN), which the IRS uses to identify and monitor ERO activity.

4. If a taxpayer is due a refund, there are multiple options for payment. A refund check can be mailed to the taxpayer's residence, or the refund can be directed to a bank account by including bank routing and account information in the appropriate section of the tax return.

***CARES Act and Economic Impact Payments***

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects resulting from the COVID-19 pandemic. The CARES Act authorized over $2 trillion in relief programs, including approximately $560 billion for benefits to individuals. An estimated $300 billion of that total was allocated for Economic Impact Payments (EIPs).

6. Under the CARES Act, qualifying individuals may receive up to $1,200 in EIPs per adult, up to $2,400 for married couples filing jointly, and $500 per child under 17 years old. Individuals with income exceeding $99,000 or joint filers whose income exceeds $198,000 do not qualify for any payment. The EIP amount is based upon a taxpayer's reported income for 2019 or the amount reported for 2018, if no return has been yet been filed for 2019. The EIPs are available through the 2020 calendar year.

7. For taxpayers who have filed a 2018 or 2019 return, IRS automatically sends payment as previously directed for a tax refund on the latest tax return (direct deposit or paper check). If no refund was on the prior return, IRS will mail a check to

the last known address.  IRS will then mail a follow-up letter to the taxpayer within 15 days after payment.

8. Taxpayers who have not yet filed for 2018 or 2019 may still receive an EIP.  These individuals need only file a return and include direct deposit banking information.

9. Taxpayers without a filing obligation are also eligible to receive EIPs. Eligible U.S. citizens or permanent residents are those who had gross income that did not exceed $12,200 ($24,400 for married couples) for 2019 or were not otherwise required to file a federal income tax return for 2019.  Such individuals are required to provide, among other information, their full name, address, date of birth, and a valid Social Security number through the IRS's non-filer online portal.  The IRS uses the information to confirm eligibility, calculate the EIP, and deposit/mail payment.

10. For Social Security recipients who did not file tax returns in 2018 or 2019, the IRS uses the information on Social Security Benefit Statements (Form SSA-1099) and Railroad Retirement Benefits Statements (Form RRB-1099) to generate EIPs. These individuals receive EIPs as a direct deposit or by paper check, just as they would normally receive their Social Security or Railroad Retirement benefits.

*The Defendants*

11. **Dalton Brewer** resided in or around Hallsville, Texas, and Gilmer, Texas, in the Eastern District of Texas.

12. **Emilee Fenton** resided in or around Gilmer, Texas, in the Eastern District of Texas.

## COUNT 1

<u>Violation</u>: 18 U.S.C. § 1028(f)
(Conspiracy to Unlawfully
Transfer, Possess, and Use a
Means of Identification)

13. The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

14. From in or about November 2019, and continuing through in or about June 2020, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, the defendants, **Dalton Brewer** and **Emilee Fenton**, did knowingly combine, conspire, confederate, and agree to violate 18 U.S.C. § 1028(a)(7)(C), unlawful transfer, possession, or use of a means of identification, that is knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person with the intent to commit, or to aid and abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, specifically 18 U.S.C. § 641, theft of government money, 18 U.S.C. § 1028A, aggravated identity theft, 18 U.S.C. § 1343, wire fraud, and 18 U.S.C. § 1708, theft of mail, and that constitutes a felony under applicable State or local law, specifically Tex. Penal Code § 32.51, fraudulent use or possession of identifying information, and as a result of the offense, the defendants, or any other individuals committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

All in violation of 18 U.S.C. § 1028(f).

## COUNTS 2-3

<u>Violation</u>: 18 U.S.C. §§ 641 and 2
(Theft of Government Money and
Aiding and Abetting)

15. The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

16. On or about the dates specified as to each count below, in the Eastern District of Texas, the defendant, **Emilee Fenton**, aided and abetted by others, both known and unknown to the Grand Jury, did knowingly steal and convert to her own use and the use of others, and knowingly receive, conceal, and retain for her own use and the use of others knowing the same to have been stolen and converted, money belonging to the United States Department of the Treasury, Internal Revenue Service, a department or agency of the United States, namely EIPs issued in the names of taxpayers and having a value of more than $1,000.

| Count | Date | Taxpayers | EIP Amount |
|---|---|---|---|
| 2 | April 30, 2020 | M.J. | $1,200 |
| 3 | May 6, 2020 | R.S. & W.S. | $2,400 |

In violation of 18 U.S.C. §§ 641 and 2.

## COUNTS 4-5

<u>Violation</u>: 18 U.S.C. §§ 1028A
and 2 (Aggravated Identity Theft
and Aiding and Abetting)

17.    The General Allegations section of this indictment and Paragraph 16 of Counts Two and Three are realleged and incorporated by reference as though fully set forth herein.

18.    On or about the dates specified as to each count below, in the Eastern District of Texas, the defendant, **Emilee Fenton**, aided and abetted by others, both known and unknown to the Grand Jury, did, without lawful authority, knowingly transfer, possess, and use, means of identification of other persons, that is, taxpayers' names, Social Security numbers, and dates of birth, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, theft of government money, a violation of 18 U.S.C. § 641, as alleged in Counts Two and Three:

| Count | Date | Taxpayer |
|---|---|---|
| 4 | April 30, 2020 | M.J. |
| 5 | May 6, 2020 | R.S. & W.S. |

All in violation of 18 U.S.C. §§ 1028A and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B),
1028(b)(5), and 28 U.S.C. § 2461(c)

1.      The allegations contained in Counts 1, 2, and 3 of this indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2.      Upon conviction of any violation of 18 U.S.C. § 1028, the defendants, **Dalton Brewer** and **Emilee Fenton**, shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation, pursuant to 18 U.S.C. § 982(a)(2)(B), and any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5).

3.      Upon conviction of any violation of 18 U.S.C. § 1028, the defendants, **Dalton Brewer** and **Emilee Fenton**, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1028 or to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.      Upon conviction of any violation of 18 U.S.C. § 641, the defendant, **Emilee Fenton**, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. The property which is subject to forfeiture, includes but is not limited to the following:

<u>Cash Proceeds</u>

A sum of money equal to $3,600.00 in United States currency, and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offenses alleged in this indictment, for which the defendants are personally liable.

6. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred, or sold to, or deposited with a third party;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **Dalton Brewer** or **Emilee Fenton**.

7. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the

United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), and 28 U.S.C. § 2461(c), and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

*MKF*
GRAND JURY FOREPERSON

8/19/2020
Date

STEPHEN J. COX
UNITED STATES ATTORNEY

*[signature]*

NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:20-CR-62 |
| | § | JUDGE _____ |
| DALTON BREWER (01) | § | |
| EMILEE FENTON (02) | § | |

## NOTICE OF PENALTY

### COUNT 1

VIOLATION: 18 U.S.C. § 1028(f)
Conspiracy to Unlawfully Transfer, Possess, and Use a Means of Identification

PENALTY: Imprisonment of not more than fifteen (15) years; the greater of a fine not to exceed $250,000, a fine not to exceed two times the gross gain to the Defendant, or a fine not to exceed two times the loss to the victim, or both such imprisonment and fine; and a term of supervised release of not more than three (3) years.

SPECIAL ASSESSMENT: $100.00

### COUNTS 2-3

VIOLATION: 18 U.S.C. §§ 641 and 2
Theft of Government Money and Aiding and Abetting

PENALTY: Imprisonment of not more than ten (10) years; the greater of a fine not to exceed $250,000, a fine not to exceed two times the gross gain to the Defendant, or a fine not to exceed two times the loss to the victim, or both such imprisonment and fine; and a term of supervised release of not more than three (3) years.

SPECIAL ASSESSMENT: $100.00 each count

## COUNTS 4-5

VIOLATION:	18 U.S.C. §§ 1028A and 2
	Aggravated Identity Theft and Aiding and Abetting

PENALTY:	Imprisonment of two (2) years and a fine of $250,000 to be followed by not more than one (1) year supervised release. This sentence is to run consecutively to any other sentence imposed. A person convicted of a violation of this section shall not be placed on probation.

SPECIAL ASSESSMENT: $100.00 each count